## BALDWIN *vs.* THE CITY OF BUFFALO.

Where the owner of land dedicates the same to the public for a street, and then grants the land in fee before the public has taken possession, or made any use of the same, and the grantee and those holding under him possess and occupy the land for more than twenty-five years before the public asserts any claim or right founded upon the dedication, all right in the public will be deemed to have ceased.

Where land worth $1200 had been entered upon by a municipal corporation, under and by virtue of proceedings regular in form, for the purpose of opening a street thereon, and the sum of one dollar had been awarded to the owner, as a compensation therefor; *Held* that the owner was entitled to an injunction to restrain the corporation from proceeding further in appropriating the land and opening the street.

In such a case a common law *certiorari* would afford the owner no redress. It would not thereby be disclosed that the commissioners had not awarded him a just compensation. It could not be legally known that one dollar was not a just compensation for the land to be taken. *Per* MARVIN, J.

A suit in equity will lie, in favor of a land owner, against a municipal corporation, to restrain it, by perpetual injunction, from entering upon and taking possession of the land, and opening a street thereon, where the claim of the corporation is apparently valid, upon the face of the proceedings, and it is necessary to aver and prove an extrinsic fact in order to establish the invalidity of the proceedings; as, for example, that the commissioners have only awarded to the plaintiff one dollar for property worth $1200.

APPEAL from a judgment entered upon the report of a referee. The case is sufficiently stated in the opinion.

*H. S. Cutting,* for the plaintiff.

*E. Thayer,* for the defendant.

*By the Court,* MARVIN, J. The referee has found that all the material allegations in the complaint are true, and upon such facts he decided, as matter of law, that the complaint should be dismissed.

The object of the action is to obtain a perpetual injunction restraining the city of Buffalo from entering upon certain premises of the plaintiff, and opening a street thereon. The plaintiff, and those from whom his title is derived, had been

in the actual possession of the land for more than twenty-five years, under grants in fee, and claiming title in fee to the premises, and it had long been inclosed and cultivated, and a portion of it used for an orchard. The defendant instituted proceedings, in due form, under and by virtue of its charter, for the purpose of taking the land and appropriating it to a street. The proceedings were regular. The defendants resolved to take and appropriate the land. The commissioners, appointed to ascertain and report the just compensation to be paid to the owner of the land, reported in April, 1847, and awarded to the plaintiff the sum of one dollar for the land. This sum was awarded upon the ground that the land was included in a street, running from Pine Hill road to Le Roy avenue, which had been dedicated to the use of the public by the Holland Land Company, and that therefore the plaintiff was not entitled to any compensation for the land so taken by the defendants for the street. The plaintiff alleges, on information and belief, that no such street was ever dedicated, opened or used; and that he has not acknowledged in any way such dedication, &c. The plaintiff objected to the report of the commissioners, but the common council confirmed it. The Holland Land Company conveyed the land to a grantee, whose title the plaintiff now has, more than twenty-five years prior to the confirmation of the report of the commissioners, and the land had been occupied and possessed during such time under that title. The land so to be taken and appropriated was of the value of $1200. It is alleged that the defendant is about to enter upon the land, and open and grade the street, and alter the face of the soil, which will destroy it for its present uses, or any use beneficial to the plaintiff, and will produce great, permanent and irreparable injury to the plaintiff.

Enough of the allegations of the complaint are here presented to raise the questions upon which the decision of the referee was made, and the questions argued upon the appeal. It is not, however, quite apparent upon what ground the re-

feree dismissed the complaint; whether upon the ground that the land had been dedicated for a street, and that the plaintiff was bound by such dedication, or upon the ground that the plaintiff was not entitled to the remedy by injunction. I am inclined to think his decision founded upon the latter ground, as the plaintiff in his complaint asserts, upon information and belief, that no dedication of the land was ever made. It clearly appears from the complaint that the reason why the commissioners only awarded a nominal sum to the plaintiff for the land, was because they claimed that it had been dedicated by the Holland Land Company to the public for a street. I shall spend no time in ascertaining what the effect upon the rights of the parties would have been, if the Holland Land Company had dedicated the land to the public for a street, and then granted the land in fee, before the public had taken any possession or made any use of the land, and the grantee, and those holding under him, had possessed and occupied the land for over twenty-five years before the public asserted any claim or right founded upon the donation. I have no doubt that all right in the public, under such circumstances, had ceased before the proceedings, by the defendants, had been instituted.

It is declared by the constitution (*art.* 1, § 6) that private property shall not be taken for public use, without just compensation. In the present case, the private property was worth $1200, and the commissioners have only allowed to the plaintiff, the owner, one dollar, and the defendant insists upon its right to take the property for public use, for this sum. It cannot be claimed that there has been any compliance with the provision of the constitution referred to, nor with the charter of the city of Buffalo, under which these proceedings were had. Yet the proceedings are all in due form, and until the fact appears showing the real value of the land, nothing appears to show that *just* compensation was not to be made.

The more important question in the case is, whether the

plaintiff may claim the remedy by injunction to restrain the defendant from proceeding further, and taking possession of the land and opening the street? A common law *certiorari* would afford him no redress. It would not then be disclosed that the commissioners had not awarded him a just compensation. It could not be legally known that one dollar was not a just compensation for the land to be taken. Should the plaintiff wait until the defendant should actually enter upon his land, and change its surface by grading the street, and then bring his action for the trespass, and repeat the actions daily, if the defendant persisted in continuing the work? Again, would he be permitted to show, on such trials, that the commissioners had only awarded to him a nominal sum for property worth $1200? It does not appear, from the report of the commissioners, that they awarded only $1 *because* of a previous dedication of the land for a street. This fact appears only by the allegations in the complaint.

In *The Mayor &c. of Brooklyn* v. *Meserole*, (26 *Wend.* 132,) a leading case, and referred to by the defendant's counsel, the question discussed and decided was, whether the court of chancery had jurisdiction to interfere and arrest the proceedings in a street case, when the proceedings were *illegal,* so as confessedly to render them inoperative and void. It was held by the court for the correction of errors that it was not a proper case for equity jurisdiction and relief. In such a case a common law *certiorari* is undoubtedly the proper remedy, thus reviewing and reversing the proceedings. In the prevailing opinion in that case, the chief justice, after discussing the jurisdiction of the supreme and chancery courts, says, 1. When the proceedings in the subordinate tribunal, or the official acts of public officers, affecting the title to real estate, lead, in their execution, to the commission of irreparable injury to the freehold; or, 2. To a multiplicity of suits, a court of equity may interfere and prevent the mischief in the one case, and excessive and vexatious litigation in the other. In *Heywood* v. *The City of Buffalo,* (14 *N. Y. R.* 534,) it

was held that the assessment was *illegal*, and the proper remedy was by *certiorari*, and that, as a general rule, courts of equity would not entertain an action for relief against such assessment. That such an action would, however, lie when it is necessary to prevent a multiplicity of suits, or irreparable injury; or when the assessment, on the face of the proceedings to impose it, is a valid lien on land, and extrinsic evidence is requisite to show its invalidity. Judge Johnson, in his opinion, says, the general doctrine seems to be fairly established, that the correction of errors in the proceedings and determinations of these inferior political jurisdictions, is matter of legal and not equitable cognizance, and especially where it is a mere question of power, as in that case, and there is no allegation of fraud or corruption in the body or the officers by whom the assessment is authorized or made. He adds, " The usual and undoubted remedy by *certiorari* is always open to every party conceiving himself aggrieved." He says, that even in those cases the general rule seems to be subject to three exceptions: 1. Where the proceedings in the subordinate tribunal will necessarily lead to a multiplicity of actions. 2. Where they lead in their execution to the commission of irreparable injury to the freehold. 3. Where the claim of the adverse party to the land is valid upon the face of the instrument, or the proceedings sought to be set aside, and extrinsic facts are necessary to be proved in order to establish the invalidity or illegality. Whenever a case is made by the pleadings, falling within these exceptions, or either of them, equity will interpose to arrest the excessive litigation, or prevent the irreparable injury, or remove the cloud from the title.

It seems to me that the plaintiff's case might well be brought within all these exceptions, though I think it comes more properly within the third exception. The claim of the defendant is apparently valid upon the face of the proceedings, and it was necessary to aver and prove an extrinsic fact in order to establish the invalidity of the proceedings. That

fact is, that the commissioners only awarded to the plaintiff $1 for property worth $1200.

An action could, I have no doubt, have been brought to set aside the proceedings, certainly the award of the commissioners. The plaintiff demands judgment for a perpetual injunction, and if this is awarded to him, it will be all he needs. He has probably asked for some other relief to which he may not be entitled. The pleader has interspersed along in his complaint some averments not necessary; such as that the proceedings of the common council were void, and that the defendant had exceeded its corporate powers, &c. These are averments of conclusions of law. He has stated the facts, however, which show that he is entitled to an injunction. The judgment should be reversed, and a judgment should be · entered in favor of the plaintiff, perpetually enjoining the defendant from entering upon the premises and opening the streets, under any claim founded upon the proceedings of the common council to obtain the land for a street. The plaintiff should have costs.

[ERIE GENERAL TERM, May 16, 1859.´ *Greene, Marvin* and *Davis*, Justices.]