## HOWELL v. CITY OF BUFFALO.

### December, 1863.

Where lands have been sold for the non-payment of an illegal assessment, an action to enjoin the delivery of a final declaration of sale or conveyance, and to have the assessment and sale canceled, does not lie, if, under the statute authorizing such sales, the declaration or conveyance must disclose the illegality in the assessment.

A court of equity does not assume jurisdiction on the ground of preventing a multiplicity of actions, where the cause of action is a single illegal assessment affecting numerous owners of distinct parcels of land whose interests are several, not joint. They cannot unite in one action merely to avoid the necessity of separate actions.[*]

Stephen W. Howell commenced this action in February, 1862, in the superior court of Buffalo, on behalf of himself and such others as should come in, &c. The complaint alleged that Howell was owner of land on Niagara-street; that a petition had been presented to the common council by petitioners averring themselves liable to be assessed therefor, asking to have the street graded and paved, and crosswalks across the same, and sluices, sewers, and receivers, &c., constructed; that annexed to the petition was the following certificate of the city assessors:

" Certificate of assessors.

" Proposed improvement for grading and paving Niagara-street, from the north line of Auburn-avenue to the northerly line of Amherst-street, and all the necessary crosswalks across the same, sluices, sewers and receivers, curbing and platform stones, &c.

" To the common council of the city of Buffalo:

" We, the undersigned, city assessors of the city of Buffalo, do hereby certify that the application for the above improvement is made by a majority of the property holders residents of the said city, and directly interested therein, and liable to be taxed or assessed to pay for the same, except such additional

---

[*] S. P. Thurston v. City of Elmira, 10 Abb. Pr. N. S. 110. As to remedy by certiorari, compare People ex rel. Haskin v. Supervisors, 8 Abb. Pr. N. S. 277; S. C., 37 Barb. 378.

territory as may be embraced in an assessment for the improvement of the park, between Parish and South-streets."

The complaint alleged that no other petition or certificate was ever presented or filed; that the common council, by resolution, directed grading, paving, curbing, crosswalks, sewers and receivers, and the placing of platform stones to be done, and the expense assessed; that the assessors laid an assessment therefor, and after a hearing of objections the common council confirmed it; that the comptroller sold the lots of the plaintiff Howell, for non-payment of the sums assessed thereon, to the city, and delivered to the city certificates of sale pursuant to the charter. The form or contents of the certificates were not stated, nor were the names of the petitioners, nor were those of all the persons assessed, except the allegation that all the plaintiffs were assessed.

The complaint then alleged that the assessment and sales were illegal and void; and they, with the certificates, constituted a cloud on plaintiff's title; that plaintiff had reason to fear that at the expiration of nine months from sale defendant would give him notice to redeem, and in default of redemption would grant a declaration of sale to the city under the amended charter.

Then followed (in the amended complaint) allegations by forty-six other plaintiffs who had been brought in by an order founded on their petition, and who alleged that their lots, set forth in a schedule, had been sold in the same way; and that their position in reference to the assessment was identical with that of Howell.

The relief demanded was judgment declaring the assessment illegal and void, directing the city to deliver up and cancel the comptroller's certificates of sale, and enjoining the common council from granting a declaration of sale.

Defendants demurred to the jurisdiction of the subject, and to the sufficiency of the facts to constitute a cause of action.

*The superior court* overruled the demurrer, and held, on the authority of Lathrop *v.* City of Buffalo,[*] that the certificate must, on its face, state that the application was made by a

[*]Reported at p. 30 of vol. 3 of this series.

majority of the property holders resident in the city, and liable to be assessed for the improvement, for which a petition and certificate are necessary. From a judgment for plaintiff, defendants appealed.

*H. S. Cutting*, for defendants, appellants.—The assessors' certificate gave jurisdiction, for, 1. This was one entire work. 2. It is not alleged in the complaint that the petition was not signed by a majority of those assessable for each class of work. 3. It was not alleged but that the assessment was so distributed that a majority of those affected by that which related to work requiring a petition were petitioners. In Lathrop's case the names of the petitioners and the assessed were in evidence. 4. It does not appear but that all the land owners in the district were assessed in equal proportions. 5. It may be presumed that the petition was signed by the necessary majority. 6. The certificate was in the language of the statute. The last clause, relating to additional land, does not vitiate, for it only states that the majority does not embrace the owners of land liable to assessment for the park, &c., under *L.* 1856, p. 148. If the assessment were unauthorized, the facts do not entitle plaintiffs to equitable relief, neither to prevent multiplicity of suits (Brown *v.* City of Brooklyn, 15 *Barb.* 375), nor to prevent irreparable, injury to the freehold. Mayor, &c. of Brooklyn *v.* Meserole, 26 *Wend.* 132; Heywood *v.* City of Buffalo, 14 *N. Y.* 534; Baldwin *v.* Same, 29 *Barb.* 396. Nor on the ground of cloud on title. No extrinsic facts are shown. The provision for issuing a declaration of sale to be presumptive evidence that the assessment was properly made, cannot help plaintiffs' case; for such a declaration has not been, and may never be, issued. Scott *v.* Onderdonk, 14 *N. Y.* 9, is therefore distinguishable, and this case is brought within Heywood *v.* City of Buffalo *supra.*

*A. P. Nichols*, for plaintiffs, respondents;—Relied on Lathrop *v.* City of Buffalo, as holding the certificate of assessors insufficient, and Scott *v.* Onderdonk, as authority for maintaining the action, on the ground, among others, of the legal virtue imputed by statute to the certificate of the comptroller on sale of lots for non-payment of tax, &c., as evidence.

Howell *v.* City of Buffalo.

BY THE COURT.—MARVIN, J.—[After stating the facts, and disposing of another question.]

There is, however, another question in the case: Can the plaintiffs maintain this action? Were they entitled to the remedy resorted to, and the judgment given? The want of jurisdiction is patent in this case. It appears upon the face of the papers upon which the common council acted and assumed jurisdiction.

The remedy by a common law *certiorari* is ample in this case for each of the plaintiffs; and when this remedy clearly exists, a court of equity will not entertain jurisdiction. Mayor of Brooklyn *v.* Messerole, 26 *Wend.* 132, decided by the court for the correction of errors, is a leading case in point. It was held in that case that when the proceedings in a street case were illegal, so as confessedly to render them inoperative and void, it was not a proper case for equity jurisdiction and relief; that a common law *certiorari* was undoubtedly the proper remedy. In Heywood *v.* City of Buffalo, 14 *N. Y.* (4 *Kern.*) 534, it was held that the assessment was illegal, and the proper remedy was by *certiorari;* and that as a general rule, a court of equity would not entertain an action for relief against such assessments; that such action, however, would lie when it is necessary to prevent multiplicity of suits, or irreparable injury, or when the assessment on the face of the proceedings to impose it is a valid lien on land, and extrinsic evidence is requisite to show its invalidity. In Baldwin *v.* City of Buffalo, 29 *Barb.* 396, the proceedings upon their face were perfect, and the lien on the land apparently valid, and plaintiff averred an extrinsic fact to show the invalidity of the lien. The present is not such a case, nor does it come within the rule touching irreparable injury, nor have the proceedings created such a cloud upon title of the lands of the plaintiffs as will justify a court of equity in interfering. The proceedings of the common council were void, and it clearly appears upon the face of the papers necessary to show the proceedings. If this action can be sustained, it must be upon the ground that the proceedings of the common council will necessarily lead to a multiplicity of actions.

It should, perhaps, be stated that the action was commenced

by Howell alone, and I infer that the demurrer was interposed while Howell was sole plaintiff. The other plaintiffs, some forty-five in number, were made plaintiffs upon their application to the court, by an order, dated November 24, 1862, and directing that the complaint be amended as of June 2, 1862. These plaintiffs own lands in severalty, which have been assessed and sold. They have no common or joint interest in any one parcel of the lands. In my opinion, they could not unite in this action; and the rules relating to bills of peace, and to the prevention of a multiplicity of actions, have no application to such a case. No case has been or can be, as I think, cited in support of this action by all of these plaintiffs. Each plaintiff had a cause of action to reverse, on a common law *certiorari*, the proceedings of the common council taken against him or his property. But the plaintiffs had no common interest in anything to be affected by these proceedings.

As to parties to actions in equity, the general rule is, that all persons materially interested, legally or beneficially, in the subject matter of the suit, are to be made parties, plaintiff or defendant. *Story Eq. Pl.* 74; *Code*, §§ 117, 119. The plaintiffs have an interest in the subject of the action, and in obtaining the relief demanded, and those who are united in interest must be united as plaintiffs or defendants.

The subject matter in this case is land, and every plaintiff must be interested in the same piece of land. The complaint in this case is multifarious. There is an improper joinder of plaintiffs who claim no common interest, but assert distinct and several claims against one and the same defendant. This is not allowable. *Story Eq. Pl.* 230.

It is not a case for the application of the rule for the prevention of a multiplicity of suits. No one of the plaintiffs is threatened with many suits or much litigation. Probably a single suit would settle all his rights, though he should not now resort to his remedy for the reversal of the proceedings. In short, there is no authority for maintaining this suit by the plaintiffs united, or by one of them separately, as to his land. *Story Eq. Pl.* §§ 64, 66, *et seq.*; 492, *et seq.*; 514. *et seq.*; 679; *Cooper Eq. Pl.* 153, 157; 2 *Atk.* 483; West *v.* Mayor, &c·, of N. Y., 10 *Paige,* 539. In Bouton *v.* City of Brooklyn,

15 *Barb.* 375, 387, a case like the present, except that there was but one plaintiff, Justice STRONG has discussed quite fully the rule of equity jurisdiction to prevent a multiplicity of suits, and holds that it had no application to cases like the present. The case was appealed to the general term, which affirmed the judgment upon the opinion of BROWN, J., which is an elaborate and learned examination of the jurisdiction of the court, first, in preventing a multiplicity of suits; and second, in removing a cloud from the land of the plaintiff. I shall not consider these questions further. As to parties, and who may be united, I have referred to the Code as containing the rules substantially adopted by courts of equity, and I may add that an improper union of several causes of action is a ground of demurrer (§ 144, subd. 5,) though a misjoinder of parties is not. The complaint may be good as to one of the plaintiffs, and not as to another but it will not be good as to one if it contains several causes improperly united.

The question of jurisdiction and relief by injunction, would have been in the case of Lathrop *v.* City of Buffalo, but for a provision of the act of 1853 to revise, &c., the charter of Buffalo, authorizing the action, when it should be made to appear that the proceedings upon a local assessment were illegal, and making it the duty of the court to res'rain any further action and the collection of the assessment. *L.* 1858, p. 645, § 8.

This provision was repealed in 1861 (*L.* 1861, p. 630,) before this action was commenced.

The judgment must be reversed, and there must be judgment for the defendant upon the demurrer.

DAVIES, J., delivered an opinion to the effect that the judgment appealed from was correct, on the merits of the assessment and sale, but that the complaint should have been dismissed, on the ground that the proceeding was void on its face, and hence a case of equitable jurisdiction was not made out.

All the judges concurred in reversal, except H. R. SELDEN, J., not voting.

27

Howell *v.* Gould.

Judgment reversed, and judgment given for defendants, with costs.*

## HOWELL *v.* GOULD.

### June, 1867.

If the employer in a building contract refuses to perform on his part, and actually prevents performance by the contractor, it is unnecessary to

---

\* This decision, not having been before reported, has been supposed by some to have been inconsistent with Scott *v.* Onderdonk, and was somewhat questioned in Allen *v.* City of Buffalo, 39 *N. Y.* 386; 38 *Id.* 280; and Hatch *v.* City of Buffalo, *Id.* 276. But Scott *v.* Onderdonk was not disregarded, as appears above, and the decision went upon the ground that under the language of the statute (§ 18, see vol. 3, p. 32), which required that the declaration, the issuing of which plaintiffs sought to restrain, must recite the "fact of assessment," such a declaration must contain, by way of recital or otherwise, the substance of the certificate or report of the assessors; and that it would not be a compliance with the language of the act to say that the land was assessed, advertised and sold, without saying for what it was assessed; that when it stated for what, then the defect in the proceedings would be patent upon the face of the declaration; and hence the remedy was by certiorari, not by action.

See also Tilden *v.* Mayor, &c., 56 *Barb.* 340; Farnham *v.* Campbell, 34 *N. Y.* 480; Fonda *v.* Sage, 48 *Id.* 173; Crooke *v.* Andrews, 40 *Id.* 574; Newell *v.* Wheeler, 48 *Id.* 486.

The cases of Efner and of Vandeventer *v.* City of Buffalo, came before this court at the same time as the above.

EFNER *v.* CITY OF BUFFALO, was an action brought in 1859, while the provision of section 8, c. 372, of *L.* 1858, was in force, allowing any party aggrieved by an illegal assessment in Buffalo to apply to any court of competent jurisdiction to restrain further proceedings. This statute was repealed April 16, 1861 (*L.* 1861, p. 630, § 31, c. 272), before the action of Howell was brought.

Efner's case involved the validity of the same assessment as Howell's case. It was tried at special term, judgment given for plaintiff setting aside the sale, and the judgment was affirmed at general term at the same time and on the same grounds as the decision in Howell's case, and the appeal was submitted in this court by the same counsel.

This court reversed the judgment, on the ground that the assessment being invalid on its face, it was not a case for equitable jurisdiction.

Judgment reversed, and complaint dismissed, with costs.

---

VANDEVENTER *v.* CITY OF BUFFALO, was an action by Sally B. Vandeventer, brought in May, 1862, to set aside a sale for an unpaid assess-

---

ment. The complaint was substantially in the same form as in the case of Howell, above, except that the assessment was for grading, &c., Main-street, the assessors' certificate being as follows :

#### "PROPOSED IMPROVEMENT.

" For grading, curbing and paving Main-street, from the north line of North-street, to a point 165 feet north from the north line of Ferry-street.

" To the common council of the city of Buffalo.

" We, the undersigned, city assessors of the city of Buffalo, do hereby certify that the application for the above improvement is made by a majority of the property holders residents of the said city, and directly interested therein, and liable to be taxed or assessed to pay for the same."

Defendants demurred in the same form as in Howell's case. The superior court of Buffalo held that *in this* case the certificate of the assessors was in compliance with the law ; that the curbing was part of the paving ; and that the certificate sufficiently showed that the application was made by a majority of those liable to be assessed for the grading and paving. The court accordingly gave judgment for defendants, and plaintiff appealed.

The cause was submitted in this court by the same counsel.

This court affirmed the judgment, with costs.

