# MILLER *vs.* MAYOR AND ALDERMEN, &c. OF MOBILE.

[BILL IN EQUITY FOR INJUNCTION.]

1. *Injunction; when will lie to restrain opening street by municipal corporation.*—An injunction will lie, at the suit of the proprietor, to restrain a municipal corporation from opening a new street on his land, and collecting a sum of money out of him, assessed as his benefit of the proposed improvement, and his contribution to the cost of opening the street, when the proceedings of the corporation appear to be regular, and their invalidity is to be shown by extrinsic evidence.

2. *Mobile, § 94 of charter of; unconstitutional.*—Section 94 of the charter of Mobile city violates Art. XIII, § 15, of the State Constitution, which prohibits the appropriation of a right of way to the use of a corporation, without full compensation in money, irrespective of any benefit to be derived, &c.

APPEAL from Chancery Court of Mobile.
Heard before Hon. A. W. DILLARD.

The facts are sufficiently stated in the opinion.

E. S. DARGAN, for appellant.

RAPHAEL SEMMES and O. J. SEMMES, *contra.*—1. The assessment against Miller was an exercise of the taxing power. It was, in no sense, the taking of private property for public use, by right of eminent domain. No more money was taken from Miller than his proper share of contribution to a public burthen. When property is taken by right of eminent domain, something more than the owner's share of contribution is taken.

2. This mode of taxing the citizen is constitutional, and when his money is taken from him, by the usual machinery of tax laws, it is taken from him by "due process of law." *The People v. Mayor, &c. of Brooklyn,* 4 Comstock, 419; 37 New York Rep. 267.

3. It was not necessary that the owners of the property, to the extent of one-fourth in value, *on each side* of the proposed street should petition. It was sufficient if the owners of one-fourth in value of the property petitioned, without reference to the question whether their property lay on one or both sides of the street. In this respect section 94 of the charter differs from section 58, commented upon by this court in another case.

4. The jury was a jury of assessment merely, and not assembled to condemn private property to public uses; and when tax assessors assess property it is not necessary that the owner of the property should have notice, or be present. The act (charter, section 94,) under which this proceeding was had, requires the mayor to give notice, through the newspapers, of the petition, and of the proposed improvement, but it does not require him to give notice of the impanneling of the jury of assessment, and such notice only as the act requires is sufficient.—15 Wendell, 374.

5. The impanneling of the first jury did not exhaust the power of assessment. If, for any reason, this jury did not do all that was necessary—if, for instance, it was found that the improvement had or would cost more than the estimate, a second jury might be impanneled to assess the deficiency. The labors of the second jury were, in fact, but the continuation of the labors of the first, in and about the same subject matter.—29 New York Rep. 198.

6. It is a perversion of terms to say that the levy of a tax casts a cloud upon the title of the real estate, upon which it becomes a lien. It is no more a cloud than any other legal incumbrance; and if this alone were a ground of equitable jurisdiction, it would break down all the barriers between courts of law and courts of equity.

7. The question whether Miller was damaged, or benefited, and if benefited, whether the assessment was excessive, cannot be considered in this court. These are matters of fact, which have been passed upon by a jury.

8. The injunction was improvidently issued in this case, and was properly dissolved and the bill dismissed upon the

hearing by the court below. There was, in short, no ground on which appellant could claim to go into a court of chancery for relief; his remedy, if he was damaged, being adequate and complete at law. Even if it be admitted that the tax was illegally assessed, this, of itself, does not entitle the party aggrieved to seek redress in a court of chancery, and the courts will discourage such attempts to stop the wheels of government by tax-payers. 25 New York Rep. 312, and cases therein cited.

B. F. SAFFOLD, J.—The bill of the appellant was dismissed on the ground of adequate remedy at law. He complained that the appellees, under the authority of the 94th section of the charter of Mobile city, and in pretended compliance with it, ordered a new street to be opened through a lot belonging to him, and appointed a jury to ascertain and assess the damages and benefits to result from it to the adjacent proprietors, without notice to them, and that they determined he would be benefited one hundred and seventy-five dollars. They returned this verdict to the said defendants, who were about to open the street, and collect the above sum of money from him in the manner prescribed by the charter. He alleged that only one of those who made the application owned any land adjacent to the proposed street, and he owned less than one-fourth. He prayed for an injunction against the opening of the street and the collection of the money.

The defendants admitted the truth of the statements in the bill, but denied that they entitled the complainant to the relief sought.

Section 94 of the charter authorizes the defendants to make a new street upon the written application of the owners at least one-fourth in quantity of the property through or over which the new street is desired to be made. But it is to be done at the expense of those whose property is benefited by and adjacent to the street. A jury is to ascertain and assess this benefit to each proprietor, and the amount assessed is to be a lien on his said property, and collectible as the taxes on real estate are to be collected

under the charter. The charter makes the assessed taxes a judgment, and authorizes a sale of either real or personal property for their payment.—§§ 38, 39. The benefited parties are required to contribute to the expense of the street, although the forms prescribed by the said section 94 may not have been strictly complied with. The request, and the ordinance complying with it, are alone to be deemed essential to create the claim for contribution.

I do not know that any definite line of separation can be drawn between the jurisdictions of law and equity in matters of this sort. The general rule is, that the correction of errors in the proceedings of such inferior jurisdictions is matter of legal cognizance, and probably under our loose system of practice, a *certiorari* to the circuit court would procure a reversal of what has been done in this case. But there are three recognized exceptions to this rule : 1st, where the proceedings in the subordinate tribunal will necessarily lead to a multiplicity of actions ; 2d, where they lead in their execution to the commission of irreparable injury to the freehold ; 3d, where the claim of the adverse party to the land is valid upon the face of the instrument, or the proceedings sought to be set aside, and extrinsic facts are necessary to be proved in order to establish the invalidity or illegality.

This case may properly come within the third exception. A number of citizens signed the application for the opening of the street. It is denied that they were proprietors of one-fourth in quantity of the adjacent lands. This is an extrinsic fact necessary to be proved. It was essential that they should be.

The complainant also denies that he was benefited one hundred and seventy-five dollars, and claims that he was injured several hundred dollars. These facts require external proof, while the contrary appears upon the proceedings. *Baldwin v. City of Buffalo*, 29 Barb. 396, was very similar to this case, and the court reviewed the case of *Brooklyn v. Meserole*, 26 Wend. 132, in which it was held that an injunction was not the proper remedy, and also the case of *Heywood v. City of Buffalo*, 14 New York Reports,

534, the principles of which it adopted. While it is entirely proper to preserve the two systems of jurisprudence distinct, it is impossible to keep them from trenching upon each other, and justice and the reasonable satisfaction of the people are more to be desired.

Section 94 of the charter violates Article XIII, § 5, of the State Constitution, which prohibits any appropriation of a right of way to the use of a corporation until full compensation be first made in money, or secured by a deposit of money, to the owner, irrespective of any benefit from any improvement proposed by such corporation, the compensation to be ascertained by a jury of twelve men in a court of record.

The decree is reversed, and a decree will be rendered in this court granting the relief prayed for.