BRADLEY et al. v. BRADLEY.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

CORPORATE STOCK—PLAINTIFFS' OWNERSHIP IN SEVERALTY—CONCERT OF AC-
TION—SALE—FALSE REPRESENTATIONS—COMMUNICATION TO ONE PLAINTIFF
—EQUITY—JOINDER OF PLAINTIFFS—PROPRIETY.

Where in a suit for equitable relief for persuading plaintiffs, by false
representations, to sell shares of corporate stock owned by them in sever-
alty for less than their value, it is alleged that plaintiffs acted in concert
in respect to the stock, and that the determination of one was adopted by
the other, as defendant knew, and that the false representations were
made to one plaintiff, but it is not alleged that he communicated them to
the other plaintiff, or that any false representations were separately made
to the latter, a demurrer because of an improper joinder of parties plain-
tiff is properly overruled; the fraudulent acts charged being the same as to
both plaintiffs, and the considerations governing such joinder in equity
being largely those of convenience.

Parker, P. J., and Smith, J., dissenting.

Appeal from special term.

Suit by Nathaniel L. Bradley and another against Peter B. Bradley.
From an order overruling defendant's demurrer to the complaint, de-
fendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MER-
WIN, and SMITH, JJ.

McGuire & Wood (Horace McGuire, of counsel), for appellant.
Reynolds, Stanchfield & Collin (Frederick Collin, of counsel), for
respondents.

KELLOGG, J. The grounds of demurrer to the complaint were the
apparent misjoinder of parties plaintiff, and the improper union of
causes of action,—in short, that there does not appear to be any com-
munity of interest alleged in plaintiffs in the cause or causes of action
alleged. It is alleged that each of the plaintiffs was the owner of a
separate block of certificates of stock in an incorporated company;
that during the three years next prior to the commencement of the
action the defendant and one Walter H. Bradley from time to time
made statements to the plaintiffs, and to each of them, touching the
affairs of the company, upon which they relied and acted, and in such
matters plaintiffs acted in concert, and the determination of either of
the plaintiffs in such matters was adopted by the other; that defend-
ant, Peter B. Bradley, knew of the reliance and concerted action; that
defendant in December, 1897, devised a scheme to purchase from the
plaintiffs the shares of stock owned by each of them, and in pursuance
of such scheme the defendant induced the plaintiff Nathaniel L. Brad-
ley to go with him and Walter H. Bradley and inspect the property of
the company, but designedly concealed from the plaintiff Nathaniel
P. Bradley facts well known to defendant which very materially en-
hanced the value of the stock of the company, and made other state-
ments calculated to lead plaintiff Nathaniel L. Bradley to believe that
by reason of projected or necessary outlay for repairs and improve-
ments the value of the stock would or might be diminished, and there-
upon the plaintiffs sold and transferred the said stock to the defend-

ant at one-fifth of its actual value. The complaint further alleges that Nathaniel L. Bradley was at the time an indorser on the outstanding paper of the company for a large sum, and this fact and his release from liability as indorser were used to influence him to make such sale, and did influence him. It is not alleged that any representations were made to Clarence P. Bradley, or that defendant or Walter H. Bradley had communication with him at any time. It is not alleged that Nathaniel L. Bradley communicated to Clarence P. Bradley any of the facts which determined him to make the sale of his block of stock; but the complaint leaves the matter as to the sale of the stock owned by Clarence P. Bradley on the allegation that the plaintiffs in their general determination acted in concert on matters connected with the company, and that this was known to defendant, though it is not alleged that the determination of either of the plaintiffs had ever before influenced the other to make a sale of stock, or that the defendant had reason to believe that it would. Assuming that there are sufficient facts alleged to constitute a cause of action in Clarence P. Bradley, and the parties plaintiff are not improperly joined because of any failure in that regard, it seems to me that this cause of action must depend upon a very different state of facts (which must necessarily be proven on the trial) from those which go to establish Nathaniel L. Bradley's cause. But I do not see that this would necessarily create confusion at the trial, or that facts proven in one case would improperly affect the other. A single scheme is alleged,—fraudulent concealment and misrepresentation practiced upon Nathaniel L. Bradley singly, with the purpose of obtaining, not only his stock, but the stock of Clarence P. Bradley. The fruit sought was the stock of both. The means adopted and reasonably counted on to obtain the stock of both was the persuasion of Nathaniel L. Bradley to sell his, knowing that the other was dependent upon this. All that transpired to induce Nathaniel L. Bradley to sell would be competent proof, and necessary proof, to establish Clarence's cause of action, if he has one; and because more would be required, not at all pertinent to Nathaniel's cause, not for that reason should the trial together be regarded as impracticable, or prohibited by the rules of practice in equity cases. Both cases mainly depend upon the facts which go to make up the cause of action in Nathaniel L. Bradley. If he is able to establish none, then Clarence has none. These plaintiffs have a common interest in establishing the alleged fraud upon Nathaniel, for this is the sole cause of action alleged. I see little, if any, difference here, in principle, from that adopted touching actions to set aside fraudulent conveyances or fraudulent assignments, in which creditors having separate claims may join. In such cases the denial of the existence of a claim alleged in one of the plaintiffs may be made and litigated. In that issue there is no common interest, but in the main issue there is a common interest, and that determines the propriety of the joinder. If the main issue of fraud in this case was not common to both plaintiffs, or, in other words, if a separate transaction with each of the plaintiffs had been alleged, and a separate state of facts, constituting the alleged fraud, or if this were so alleged that part only of the fraud practiced was common to both, or the cause

of action of either depended upon other distinct and separate fraud-ulent acts, then there could be no joinder. A trial under such circumstances would be impracticable. The proofs in one cause might influence the judgment, and injuriously affect the defendant or the cause not dependent on that proof. This question of joinder of parties in a case in equity is largely a question of practicability. The permissible practice is in its nature elastic. No hard and fast rule governs, as in a case at law. There must be a common interest in all the plaintiffs in the principal issue, and the principal issue in a case of alleged fraud should be decisive of the cause of action alleged in each plaintiff. That, I think, is the case of the complaint here, and for that reason the judgment overruling the demurrer should be affirmed, with costs.

Judgment affirmed, with costs, with usual leave to answer. All concur, except PARKER, P. J., and SMITH, J., who dissent.