(34 Misc. Rep. 604.)

### WHEELER et al. v. GLEASON et al.

(Supreme Court, Special Term, Saratoga County. April, 1901.)

MISJOINDER OF CAUSES.

    A complaint alleged that the plaintiffs and some of the defendants were induced by one of the defendants to convey to him certain water rights through fraudulent representations; that certain papers were executed by the owners of the land through which the stream flowed, and others by mortgagees of such lands. The bill sought to reform these conveyances in accordance with what it alleged to be the original understanding. *Held* demurrable for misjoinder of causes of action, in that the defendant charged with the fraud is entitled to contest with each party the particular fraud practiced by him upon that party, though the complaint alleged that in fact the same fraud was practiced as to each.

Action by William J. Wheeler and others against Ernest C. Gleason and others to reform a conveyance of water rights. Demurrer to complaint sustained.

Thomas Cantwell, for plaintiffs.

F. G. Paddock, for defendants.

HOUGHTON, J. The only ground of demurrer which impresses me as serious is the fourth, and I think that must be sustained on the ground that causes of action have been improperly united. The complaint alleges that a large number of persons, composing the various plaintiffs and various defendants who did not unite as plaintiffs, were induced by the defendant Gleason, by false and fraudulent representations, to convey certain water rights to him. There were two sets of papers executed; one by the owners of the lands through which the stream in respect to which the water rights were granted flowed, and the other by various persons holding mortgages upon those lands. Not all of the owners are plaintiffs, but some of them are made defendants, the cause of action being alleged in their favor as well as in favor of the various plaintiffs. Not all of the mortgagees are made plaintiffs, but some are made defendants. The action seeks to bring into court every one affected by the conveyance of the water rights claimed to have been fraudulently obtained, and that conveyance is sought to be reformed according to the claimed original understanding. It is perfectly manifest that upon a trial, if each owner seeks to reform his contract, the separate fraud practiced upon him must be proven. It might well be that a half dozen of the parties who signed the contract read it over, or were apprised of its contents in such a way that they would be legally held bound to know its contents, and therefore be denied reformation. It further might well be that not the same words or same representations were made to one which were made to another. Taking the plaintiffs, for instance, in the order in which they are named. In entering upon the trial of the action, first, the fraud practiced upon Wheeler must be proven; second, the fraud practiced upon Brill; and then the fraud practiced upon Delarm; and so on, proving separately the fraud practiced by the defendant upon each of the parties who seeks to have the contract which he signed reformed. The result would be a multitude of causes of ac-

tion would have to be proved and passed upon separately with respect to each individual. There is no claim in the complaint that they were all in one body when the bargain was made with them, and the representations made, and the papers signed. The various dates of acknowledgment of the instruments show that the signing was done at different times, or at least acknowledged and became operative at different times by different individuals. I do not think this sort of pleading is permissible, even in an equitable action. It is true that all of the parties allege that the same fraud was practiced upon them to induce each one to sign the paper, and that each one signed it under such misapprehension. The execution of the paper by each party was a separate act, and proof would be necessary as to the operation upon his mind of the statements made to him. The situation is not analogous to that of the transfer of property to defraud creditors. In that case the one act of transferring the property operates to defraud everyone who is a creditor, and one may bring an action in behalf of himself and all others similarly affected by the one transaction. Nor is it similar to the cases of issue of fraudulent bonds, or spurious stock, as was the case in Railroad Co. v. Schuyler, 17 N. Y. 592. In such cases the act of issue is the matter complained of, and the establishment of that one thing determines the rights of all holders of that class of securities. It seems to me that this action is governed by the principles laid down in the cases of Howell v. City of Buffalo, 2 Abb. Dec. 412, Thurston v. City of Elmira, 10 Abb. Prac. (N. S.) 119, and Gray v. Rothschild (Sup.) 1 N. Y. Supp. 299, affirmed 112 N. Y. 668, 19 N. E. 847. In two cases referred to, all were similarly affected by assessments made upon their property, yet the court held that all could not unite to set aside the assessments as unauthorized, but that each had a cause of action, which he must bring himself. The principle urged upon the argument that this practice saves a multiplicity of suits I do not think applies. The courts allow or compel an omnibus action only when the party who is being assailed desires that the contention of a large number of people, who are about to sue him for the same thing, be determined in one action. Then, for convenience, the court may allow all the parties to be brought into court, and their rights determined, so that the persons shall not be separately harassed. The situation here is directly contrary. The person charged with the fraud asks that he be allowed to fight each party as he assails him, and that each party shall stand upon his own ground, if he has any cause of action. I think he is entitled to this. He might well be prejudiced with respect to one party if he had defrauded another of the parties to the action, whether he was guilty of any fraud with respect to the other one or not. I do not think these views are contrary to the principles laid down in Bradley v. Bradley, 53 App. Div. 29, 65 N. Y. Supp. 514. In that case the court says that "the means adopted and reasonably counted on to obtain the stock of both was the persuasion of Nathaniel L. Bradley to sell his knowing that the other was dependent upon this." And the court further says, at the conclusion of its opinion:

"If the main issue of fraud * * * was not common to both plaintiffs; or, in other words, if a separate transaction with each of the plaintiffs had been alleged, and a separate state of facts constituting the alleged fraud; or, if this were so alleged that part only of the fraud practiced was common to both, or the cause of action of either depended upon other distinct and separate fraudulent acts,—then there could be no joinder. * * * The proofs in one cause might influence the judgment, and injuriously affect the defendant or the cause not dependent on that proof."

The principle last quoted is the one invoked by the defendant in his demurrer, and which, I think, applies; and the case above cited is, therefore, in accordance with the views herein expressed, instead of to the contrary. These views make it unnecessary to consider the other grounds of demurrer urged, and a general order sustaining the demurrer may be entered.

Demurrer sustained.