SNELLING et al. v. RICHARD et al.

(Circuit Court, S. D. New York. January 25, 1909.)

1. PARTIES (§ 75*)—DEFECT OF PARTIES—OBJECTION—TIME TO RAISE.

An objection that there is a defect of parties defendant and a misjoinder of parties plaintiff should not be raised on a motion for preliminary injunction. but on plea, answer, or demurrer.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 115; Dec. Dig. § 75.*]

2. EQUITY (§ 149*)—BILL BY STOCKHOLDERS—PARTIES.

Where. in a suit by stockholders against defendants as corporate directors, the only relief prayed was that defendants be enjoined from issuing any of the company's new stock without first giving complainants a reasonable opportunity to take their proportionate share, and from voting or permitting any one to vote any such stock that may have been issued in violation of complainants' rights, complainants had a common interest in such relief, and could properly be joined in a single bill.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 368; Dec. Dig. § 149.*]

3. CORPORATIONS (§ 158*)—NEW STOCK—RIGHTS OF EXISTING STOCKHOLDERS.

Directors of a corporation are not entitled to issue new stock without giving the majority stockholders a preference right to subscribe for their proportionate share thereof.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 589; Dec. Dig. § 158.*]

4. CORPORATIONS (§ 158*)—NEW STOCK—ISSUANCE—RIGHT TO SUBSCRIBE—PRELIMINARY INJUNCTION.

Where directors of a corporation sought to issue new stock without giving the old majority stockholders a reasonable opportunity to subscribe for their proportionate share, in order that the control of the corporation might be wrested from them, such stockholders were entitled to a preliminary injunction restraining the issuance of the stock without giving complainants such an opportunity, and from voting or permitting any one to vote any of the stock that had been issued.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 587–592; Dec. Dig. § 158.*]

Lawrence & Lawrence, for complainants.
Parker & Wagner, for defendants.
Lucius L. Gilbert, for Moran.

WARD, Circuit Judge. The defendant Marine Manufacturing & Supply Company has an authorized capital of 1,000 shares, of $100 each, of which 700 shares have been issued; complainants owning 351. The amended bill alleges that Frank Richard, Abraham, H. N., and E. W. Du Bois, and Robert J. Noble, a majority of the directors, purposed at the last annual meeting of the directors, to be held December 22, 1908, to sell, without giving the complainants an opportunity to subscribe for their proportionate share thereof, enough of the unissued stock to themselves or their nominees, or to some friendly person who would vote in their interest, in order to control the annual meeting for election of directors, to be held in January, 1909, and deprive the complainants of their right as majority stockholders to control the company. December 22d this court issued an order to

show cause why the said directors should not be enjoined, together with an order restraining them in the meantime from issuing any part of the unissued capital stock, and from voting on any such stock previously issued. The persons who went to the office of the company for the purpose of serving this order were not admitted until after a resolution had been adopted by the vote of four of the directors above named against two, accepting the application of one Moran for 50 shares of the unissued stock. Immediately after the meeting closed, and before any certificate was signed or any notice of acceptance given Moran, the defendant directors were served. The amended bill prays that the corporation and the directors be enjoined from issuing any of the new stock without first affording complainants a reasonable opportunity to subscribe therefor in proportion to their present holdings. This is their right, and if they avail themselves of it they will retain control of the company. Stokes v. Trust Co., 186 N. Y. 285, 78 N. E. 1090, 12 L. R. A. (N. S.) 969.

It is objected by the defendants that there is a misjoinder of parties plaintiff, in that each complainant must bring a separate action to assert his own right, and also that there is a defect of parties defendant, in that Moran is a necessary party. The proper time to raise these questions is upon plea, answer, or demurrer. Still I may say that, if the bill sought to enforce the right of the complainants to subscribe, the objection of misjoinder might be good. But the relief asked is simply that the defendants be enjoined from issuing any of the new stock without first giving the complainants a reasonable opportunity to take their proportionate share, and from voting or permitting any one to vote any such stock that may have been issued. The complainants have a common interest in this relief, and it can appropriately be granted upon the same evidence and in the same decree. Brinkerhoff v. Brown, 6 Johns. Ch. (N. Y.) 139; Sheldon v. Keokuk Co. (C. C.) 8 Fed. 769; Barr v. New York, Lake Erie & Western R. R. Co., 96 N. Y. 444; Bradley v. Bradley, 53 App. Div. 29, 65 N. Y. Supp. 514; Home Insurance Co. v. Virginia Co. (C. C.) 109 Fed. 681.

If Moran's application was accepted for the purpose stated in the bill, the proceeding was in the highest degree inequitable. Whittaker v. Kilby, 55 Misc. Rep. 337, 106 N. Y. Supp. 511; Elliott v. Baker, 194 Mass. 518, 80 N. E. 450. Before any notice of acceptance was given to Moran, and while the defendants had an opportunity to withdraw the acceptance, they were served with the order of the court. It is doubtful whether, under these circumstances, there was any acceptance binding on the company. Cook on Corporations (6th Ed.) § 56.

It may be that the directors complained of have, as they say in their affidavits, no interest in the stock which Moran applied for, and that there was no agreement as to how he should vote it. Still I have sufficient doubt as to whether, notwithstanding this, their principal motive was not to deprive the complainants, as majority stockholders of the company, of their control, and to get control themselves, to leave the question for determination at final hearing.

It may be that, notwithstanding the foregoing, a bona fide subscriber would have a right to his stock, and complainants would be

left to whatever other remedies they might have. Moran, however, is not a party, and on the affidavits submitted I am not satisfied that he was a bona fide subscriber.

The motion for a preliminary injunction is granted.