Filed September 27, 1893.

———————◆———————

No. 761.

## SWEETSER ET AL. *v.* SNODGRASS.

SPECIAL FINDING.—*When Sufficient to Support a Recovery.*—Where the court, upon request, renders a special finding of the facts, all the facts essential to a recovery must be found and stated in such finding before a recovery can be had.

From the Grant Circuit Court.

*W. H. Carroll* and *G. D. Dean*, for appellants.
*G. W. Harvey* and *A. De Wolf*, for appellee.

GAVIN, C. J.—The appellants sued the appellee Snodgrass for money paid to her at her special instance and request. To the complaint she filed a general denial. In addition to this answer, she also filed a cross-complaint, seeking to recover $92,697.20, money lent by her to the Marion Bank, operated by appellants as partners. To this cross-complaint appellants filed answers of general denial, payment, settlement, and set-off. To the affirmative answers, reply of general denial was filed.

Upon the trial, the court found the facts specially, with his conclusions of law thereon, and rendered judgment in favor of the appellee Snodgrass for $67.81.

Each party excepted to the conclusions of law, and each urges its exception here, the one by assignment in error and the other by cross-assignment.

The only objections argued by appellants are to the correctness of the court's conclusion, by which it held that appellee was entitled to recover from appellants the amount of a certain $210 check. The facts found, so far as they bear upon the question considered under this assignment, are as follows:

"1st. That there are but five disputed items in the cause which require any consideration, and these are as follows:

"Item 8, 1889, the check signed by defendant, and which is averred to have been a forgery . . . . . . . . . . . . . . . . . . . .$210.00
Item, May 9, 1890 . . . . . . . . . . . . . . . . . .   21.74
Item, Feb. 16, 1891 . . . . . . . . . . . . . . . .    2.19
Item, Feb. 16, 1891 . . . . . . . . . . . . . . . .  111.50
Item, Feb. 16, 1891 . . . . . . . . . . . . . . . .    6.76

"2d. That appellants were partners, doing a banking business as the Marion Bank, at Marion Ind., during the times hereinafter mentioned.

"3d. and 4th. Florence B. Snodgrass, defendant, was, during this time, engaged in the purchase and shipping of grain, under the name of Florence B. Snodgrass & Co., and transacted business with appellants, as her bankers, making deposits and checking out the same in the course of business.

"5th. That her husband was her general agent in control of her business.

"6th. That one Stillwell was her agent at Swayzee in said business.

"7th, 8th and 9th. That in accordance with a custom she furnished Stillwell with blank checks, signed by herself, to fill up and use in payment of grain purchased, he first signing them himself. He, expecting to be absent, signed some of the blank checks and left them with his clerk to use, if necessary, in the business. During that day (whether during his absence, does not appear), a blank check thus signed was stolen by some person unknown, filled up for $210, payable to William Legg. It was presented by some one, a stranger to the bankers, who represented himself to be the payee, and, after indorsing thereon the name of William Legg, received payment thereof from appellants, who charged it to appellee's account.

"13th. Appellee ceased to transact business with appellants February 16, 1890.

"14th. On October 11, 1889, and February 7, March 26, and May 10, 1890, statements of all accounts between the parties and balances were made out and presented to the defendant (appellee), and interest on overdrafts were charged to her and not objected to by her. Each of said statements included all matters of account between said parties prior to said dates. No objection was then made by appellee to the account containing the $210 check, although the bank did know of objection thereto before the final balance was made by appellants."

Upon these facts, the court concluded "that the plaintiffs are liable to the defendant for the amount of the $210 check paid on the indorsement of Legg."

For this $210, less $142.19, the amount of the other four items stated by the court to be in dispute, judgment was rendered in favor of appellee.

In order to justify a recovery by appellee upon her cross-complaint, all the facts essential to a recovery must be found and stated in the special finding. *Kehr* v.

*Hall,* 117 Ind. 405; *Town of Freedom* v. *Norris,* 128 Ind. 377.

A careful examination of the findings discloses that they fail to show that appellee had on deposit with appellants, when the suit was brought, any money whatever. The findings do not show any specific amount of money deposited at any time. They simply show that appellee did business with appellants as her bankers, and made deposits and checked them out. They show that accounts were rendered at various times and balances shown, but what the balances were, or in whose favor, does not appear. For aught that appears in the findings, the charge of this $210 check to appellee's account may have overdrawn the account just that much, or it may have been overdrawn without this charge. There is, it is true, a finding that only five items were in dispute, but the issues joined put all items in dispute, and this finding can not take the place of a finding as to the amount of deposits.

Under these circumstances, there is no foundation upon which an affirmative judgment in favor of the appellee can be sustained.

We now come to the consideration of the cross-assignment, which questions the correctness of the court's ruling in concluding that "the defendant is liable to the plaintiff for the amount of" the other four items said to be in dispute, viz., $142.19.

In addition to the facts already given, the finding contains the following facts, upon which this conclusion was based:

"10th. That the item of $2.19 is charged as interest on overdraft by defendant; that the item of $6.76 is charged as interest on the draft known as the Bolivar draft, and mentioned hereafter; that the item of $21.74 is charged as a balance averred to be due on what is

called the Hazelton remittance, and for interest and exchange."

"12th. The defendant bargained a car load of corn to a party in Bolivar, Ohio, and shipped the corn to that place to the order of Snodgrass & Co., taking a bill of lading from the railroad company for the same. On the 16th of February, 1891, the defendant negotiated, at plaintiffs' bank, a draft for $178.46, drawn on the purchaser of said corn, to which draft said bill of lading was attached, and the plaintiff gave the defendant credit for the amount of said draft. The draft was sent to Bolivar, Ohio, by the plaintiff for collection, and was there paid by the drawee to the express company. While the money was in the hands of the express company, certain parties in Ohio commenced an action against Snodgrass & Co., and garnisheed the express company. The plaintiffs received, on account of said draft, $66.96, and charged the balance, $111.50, to the defendant."

These findings are manifestly incomplete and insufficient to sustain the conclusion.

To say that a sum is "charged as interest on overdraft," or "on the draft known as the Bolivar draft," or "as a balance averred to be due," is certainly not such a finding of the facts as will enable this or any other court to say that the sums were properly charged and are recoverable in this action.

The twelfth finding shows a draft for a load of corn sold by the drawer, forwarded for collection, and paid to the collecting agent. When paid, the money belonged to the owner of the draft, not to the vendor of the corn. It does not appear that either Snodgrass or the appellants were ever served with any process in the garnishee proceeding, or were in any manner bound thereby. It does not even appear that any judgment was ever rendered in that proceeding. Before the bank could charge

the appellee with the loss on that draft, the facts must be shown which justify it. The facts that the express company was garnisheed, and that the bank only received $66.96, are not of themselves, unaided by further facts, sufficient for this purpose.

We do not feel, in this case, justified in ordering judgment upon the facts as found, but deem it a case which requires us to direct a new trial.

The judgment is therefore reversed, with instructions to the trial court to award a new trial; each party to pay one-half the costs of this appeal, all other costs to abide the final event of the suit.

Filed Sept. 26, 1893.