## HOLLIDAY & WYON COMPANY *v.* O'DONNELL, BY NEXT FRIEND.

[No. 6,726. Filed December 7, 1909.]

1. APPEAL.—*Assignments of Errors.—Failure to Designate Trial Court.*—An assignment that "there is manifest error in the judgment and proceeding in this cause in the court below," setting out the rulings complained of, is sufficient to present for consideration the error of any lower court through which the case had passed. p. 649.

2. APPEAL.—*Bills of Exceptions.—Authentication.*—A bill of exceptions showing its presentation to the judge and its approval by him within the time granted for the presentation thereof, is sufficiently certified. p. 651.

3. APPEAL.—*Instructions.—How Made Part of Record.*—Where instructions given and refused have no exceptions taken and signed by the appellant's attorney, questions thereon are not necessarily lost, since such instructions may properly be in the record in another mode. p. 651.

4. PLEADING.—*Complaint.—Master and Servant.—Dangerous Machinery.—Inexperienced Servant Out of Scope of Employment.*— A complaint alleging that the plaintiff, a boy seventeen years old, was employed to do chores, that he was negligently taken from his work and "directed by those in charge of defendant's ways, works and machinery, to take charge of" a straw-cutter, which was dangerous, that the plaintiff was ignorant thereof, to defendant's knowledge, was not instructed in the use thereof, and that he sustained injuries therefrom, fails to state a cause of action, there being no necessary inference that those in charge of defendant's ways were authorized to direct the plaintiff to do the work which he was assigned to do. pp. 652, 654, 655.

5. PLEADING.—*Complaint.—Statutory Requirements.*—The statute (§343 Burns 1908, §338 R. S. 1881), requiring a complaint to contain "a statement of facts constituting the cause of action, in plain and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended," excludes innuendos, recitals, and inferences that are not compulsory. p. 653.

6. PLEADING.—*Complaint.—Doubts.*—Doubts in a complaint are always resolved against the pleader. p. 655.

7. PLEADING.—*Complaint.—Recitals.*—A complaint alleging a material fact by recital only is bad. p. 656.

8. MASTER AND SERVANT.—*Factory Act.—Dangerous Machinery.— Dust-Creating Machines.*—All dust-creating machines are covered by the provisions of the factory act. p. 656.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by Terry O'Donnell, by his next friend, against the Holliday & Wyon Company. From a judgment on a verdict for plaintiff for $2,500, defendant appeals. *Reversed.*

*Joseph W. Hutchinson* and *William A. Ketcham,* for appellant.

*George W. Galvin,* for appellee.

RABB, J.—This was an action by appellee against appellant to recover damages for a personal injury, alleged to have been sustained by appellee, through the alleged negligence of appellant, while in its service. The complaint was in two paragraphs. Appellant's demurrer to each was overruled, answer of general denial filed, the cause tried by a jury, a verdict returned in favor of appellee, appellant's motion for a new trial overruled, and judgment rendered on the verdict.

The errors relied upon for reversal are the overruling of appellant's demurrer to each paragraph of the complaint, and overruling its motion for a new trial.

We are first called upon to decide contentions of appellee that no question is presented by the record, for the reason that appellant's assignment challenging the ruling of the court upon the demurrer to the complaint does not properly designate the court whose action is complained of, the case having originated in the Superior Court of Marion County, which court ruled upon the demurrer to the complaint, and the case passed from that court to the Hancock Circuit Court, on change of venue, where it was tried, and from whose judgment this appeal is taken, and further that the bill of exceptions, upon which all other assigned errors are predicated is not in the record, because not properly authenticated by the certificate of the judge. We are cited by appellee, in support of the contention that the questions arising upon demurrer to the complaint are not in the record, to the cases of *Town of Williamsport* v. *Smith* (1891), 2 Ind. App. 360, *Evansville, etc., R. Co.* v. *Lavender* (1893), 7 Ind. App. 655, and *McKeen* v. *Porter* (1893), 134 Ind. 483, to which might also be added *Indiana, etc., R. Co.* v. *McBroom* (1884), 98 Ind. 167, *Smith* v. *Smith* (1886), 106 Ind. 43, and *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 642. These cases establish the rule that an assignment in this court, challenging the action of a particularly named

court, calls in question only the action of the court named in the assignment, and if the case in which the assignment of error is made has, in its course, passed through more than one lower court, and a mistake is made in the assignment, attributing the ruling complained of to one of such courts, while it was in fact made by another, the assignment will present no question. In the case of *Smith* v. *Smith, supra,* the court say: "Appellant has assigned here as error that the court below, the Steuben Circuit Court, had erred in overruling his demurrer to the complaint. No such ruling is shown by the transcript of the record on file in this court. It is shown by the record that appellant's demurrer to the complaint was overruled by the Noble Circuit Court, wherein this action was commenced by the appellee, but, upon the authority of *Indiana, etc., R. Co.* v. *McBroom* [1884], 98 Ind. 167, and cases there cited, it must be held in the case at bar, that the ruling of the Noble Circuit Court on the demurrer to the complaint is not presented for our consideration." The assignment upon which this decision was based is not set out in the opinion of the court, and the language of the opinion is somewhat ambiguous, but the case has been understood as being in harmony with the case cited, and as deciding the same question. It has not been understood as deciding that a general assignment, naming no particular court, but alleging that "the court below" erred, would not present for consideration any ruling except that of the court from which the appeal was directly taken. If it could be understood as holding that such general assignment would not challenge errors made by the ruling of any lower court through which the case had passed, it is overruled by the case of *McKeen* v. *Porter, supra,* which holds, that a general assignment, without specifically naming a particular court, is sufficient to present any question arising upon the record, as the record itself must show the rulings, and by which court they were made; and also by the case of *Chicago, etc., R. Co.* v. *Walton, supra.*

The assignment in this case is in the following language: "The appellant, Holliday & Wyon Company, says there is manifest error in the judgment and proceeding in this cause in the court below in this: (1) The court erred in overruling defendant's [appellant's] demurrer," etc. This assignment is not directed to the ruling of any specific court, and "the court below" means necessarily the lower court making the particular ruling complained of. The appeal is not only from the judgment of the Hancock Circuit Court upon the merits of the case, but is an appeal from the Marion Superior Court, and calls in review the entire proceedings in the cause.

In support of the contention that the bill of exceptions is not properly certified, appellee cites us to the recent case of *Zeigler* v. *Zeigler* (1908), 41 Ind. App. 432. The case cited does not support appellee. In that case the judge's ·certificate to the bill of exceptions simply showed the presentation of the bill to the judge for examination and approval. Here the certificate shows the presentation to the judge, and the approval of the bill by the judge, within the time given by the court in which to present bills of exception.

It is further insisted that no question is presented with reference to instructions given and refused, for the reason that there is no exception taken, and signed by appellant's attorneys, to the giving or refusing of instructions, as the law requires, and we are cited to the cases of *Inland Steel Co.* v. *Smith* (1907), 39 Ind. App. 636, and *Petrie* v. *Ludwig* (1908), 41 Ind. App. 310. These authorities do not sustain the point made. The objection to the instructions in the cases cited was that the judge had not signed the memorandum showing the action of the court in giving and refusing instructions, as required by the statute. The transcript here shows the instructions properly in the record.

The first paragraph of plaintiff's complaint alleges that

the defendant was engaged in the manufacture of horse furniture, and used complicated and dangerous machinery, operated by electricity; that plaintiff was a boy seventeen years of age, and was employed by defendant about its place of business as chore boy; that he was inexperienced in the work about any of the machinery used by defendant; that he was negligently taken from his work, and "directed by those in charge of defendant's ways, works and machinery to take charge of and operate the straw-cutter, which was dangerous to operate, being equipped with sharp knives and run by electricity; that he had no instructions as to the method of operating the same, no knowledge of the dangers and perils attending the operation of the same, and no experience with machinery; that the defendant well knew of the ignorance and inexperience of the plaintiff, and of the perils attending the operation of the machine, and the peril it was placing him in;" that, by reason of the negligence of the defendant in putting plaintiff at work, without instructions, at the dangerous machine, he was, while so engaged, caught by the knives and injured. In addition to the allegations contained in the first paragraph of complaint, the second paragraph alleges that the straw-cutter was a dust-creating machine, and that the defendant failed to provide the same with an exhaust fan to carry off the dust; that defendant knew it was a dangerous machine when operated without such fan, and that such fan could be operated without interfering with the work of the same; that while plaintiff was so engaged at work, by reason of the obscurity created by the dust, in the absence of such fan, and while he was engaged at the work of removing the straw which had clogged the machine, his hand was caught by the knives and he was injured.

It is urged against the first paragraph of the complaint: (1) That the work of operating the straw-cutter was not outside of the scope of appellee's employment; (2) that the averments of the complaint do not show that appellee was

directed by appellant to do the work, the language employed in the complaint for this purpose being, "those in charge of defendant's ways, works and machinery;" (3) there are no averments of fact disclosing a duty on the part of appellant to warn or instruct appellee. One of the essential facts upon which both paragraphs of appellee's complaint are based, is the negligent assignment of appellee to work at the straw-cutter. This is the foundation-stone of both paragraphs. Had the appellee not been assigned to work on the straw-cutter he would not have been injured, and if it be conceded that appellant did not put him to work at the machine, there is clearly no liability against appellant from the result of appellee's working there; so that in order that either paragraph of the complaint can be held sufficient, it must be shown affirmatively that appellee was put to work at the machine by the appellant. This absolutely essential fact might have been made to appear by averring it in direct terms. A simple allegation that the appellee was taken from his usual and ordinary work by the appellant and directed to take charge of and operate the straw-cutter would have been sufficient, but the pleadings contain no such averment, and leave this ultimate fact to be inferred from the facts that are alleged. The fact averred, upon which appellee insists that the court must infer that it was the appellant that put the appellee to work at the straw-cutter, is that "plaintiff was negligently and carelessly taken from his common work, and that those in charge of defendant's ways, works and machinery ordered him to take charge of and operate the straw-cutter." etc. The statute (§343 Burns 1908, §338 R. S. 1881) requires that the plaintiff shall in his complaint

5. state the facts constituting a cause of action in plain and concise language, and in such manner as to enable a person of common understanding to know what was intended, and these facts, upon which he claims a right to recover, must be stated plainly, and this is held to mean directly, and not by way of inference, innuendoes or recital.

*Jackson School Tp.* v. *Farlow* (1881), 75 Ind. 118; *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247; *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 17 L. R. A. (N. S.) 542; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *Lincoln* v. *Ragsdale* (1893), 7 Ind. App. 354; *Pennsylvania Co.* v. *Zwick* (1891), 1 Ind. App. 280; *Standard Cement Co.* v. *Minor* (1901), 27 Ind. App. 479; *Corbin Oil Co.* v. *Searles* (1905), 36 Ind. App. 215; *Southern Ind. R. Co.* v. *Martin* (1903), 160 Ind. 280.

Here the essential fact that the appellee was set to work at the dangerous machine in question is not directly averred in the complaint, nor is it directly averred that he was set to work at the machine by any one authorized by the appellant to act.

4. To hold either paragraph of the complaint good, we must be able to say that it follows, as a necessary inference, that a person in charge of appellant's ways, works and machinery, was clothed with power to direct appellee in his work. No inferences arise against the defendant. It is presumed that it does its duty by its employes, and, to make it responsible for the act of a third party, it must be affirmatively shown that such third party was its representative. What is to be understood by the phrase, "a person in charge of defendant's ways, works and machinery," is by no means clear. A person in charge of ways, works and machinery may or may not have authority to direct workmen, owing entirely to the authority given him by the master. It does not carry the necessary inference that he was so authorized, and the only inferences that can supply the place of direct averments, in pleadings, are necessary inferences. *Evansville, etc., R. Co.* v. *Krapf* (1896), 143 Ind. 647; *Lake Erie, etc., R. Co.* v. *Mikesell* (1899), 23 Ind. App. 395.

Doubts arising upon the construction of pleadings are always construed against the pleader. *Wilson* v. *Clark*

(1858), 11 Ind. 385; *Cincinnati, etc., R. Co.* v. *Smock*
6. (1893), 133 Ind. 411; *Hasselman* v. *Japanese De-*
*velopment Co.* (1891), 2 Ind. App. 180; *Cleveland,*
*etc., R. Co.* v. *Stewart* (1901), 24 Ind. App. 374.

In the case of *Southern Ind. R. Co.* v. *Martin, supra,* it was sought to charge that appellant was responsible for injuries to an employe, resulting from the negligence of
4. George Matthieu. The complaint averred that plaintiff and other employes of the defendant were engaged in loading, hauling and unloading stone on defendant's train, used for that purpose, and were all in charge of George Matthieu, the defendant's manager of said train and work, and who had full charge and management of said train, and the work done therewith; that said Matthieu was also defendant's foreman, and in charge of its work in hauling and loading and unloading stone, and was its vice-principal and representative. In passing upon the sufficiency of this complaint, the court said: "We do not perceive how this paragraph of complaint can be upheld, either upon common-law principles, or by virtue of the employer's liability act. * * * Looked at from either point of view, the paragraph has marked deficiencies. If we assume the former theory, we find that the paragraph, when stripped of its conclusions relative to the position of the man Matthieu, does not disclose that he was a vice-principal. He may have been the foreman, and a man that appellee was bound to obey, and he may have had charge of the work generally, and yet not have been the master's *alter ego* in respect to those duties that the master owed the servant, for such duties may have been devolved upon another and even an inferior servant." In this case, the very fact in controversy may have been whether the person who directed the appellee to work at the straw-cutter had any authority to give such directions. It might be admitted that such person had charge, in one sense, of appellant's ways, works and machinery, and yet the claim

be made that he had no authority whatever over the appellee or his work.

The point is also made against the first paragraph of the complaint, that its theory is that the appellee was taken from his usual work and set to work at a dangerous machine, the perils of which he did not know, without warning or instructions, and that the complaint does not aver, except by way of recital, that the appellee did not know and appreciate the dangers of working about the machine, and that he was not properly instructed regarding the same. We think this point is also well taken.

Appellant insists that the second paragraph of appellee's complaint, which proceeds upon the theory that appellant was guilty of negligence in failing to comply with the provision of the statute requiring those operating dust-creating machines to provide them with exhaust fans to remove the dust, is also insufficient, for the reason that the machine in question is not within the provision of the law. We think this point is not well taken. The statute applies to all dust-creating machines, and the direct averment in the complaint that the machine was a dust-creating machine, places it within the statute.

Judgment reversed, with instructions to sustain the demurrer to each paragraph of the complaint.