## JUDAH ET AL. v. F. H. CHEYNE ELECTRIC COMPANY.

[No. 8,006. Filed May 29, 1913.]

1. MECHANICS' LIENS.—*Foreclosure.*—*Complaint.* — *Requirements.*—Under the mechanics' lien statute (Acts 1909 p. 295, §§1, 2), the complaint in an action to foreclose must show by its averments that the materials and labor for which a recovery is sought were furnished for the particular building against which the lien is asserted, and is insufficient if it merely shows that they were used in such building. p. 479.

2. MECHANICS' LIENS.— *Foreclosure.*— *Complaint.*—*Sufficiency.*—A complaint for the foreclosure of a mechanic's lien, averring that defendants are indebted to plaintiff for labor and material furnished by plaintiff at the special instance and request of defendants in the repair and construction of certain work upon a certain described building, sufficiently shows that the labor and materials

Judah *v.* F. II. Cheyne Electric Co.—53 Ind. App. 476.

were specially furnished for the particular building against which the lien is asserted. p. 480.

3. PLEADING.—*Construction.—Inferences.*—Where the facts averred in a pleading admit of but one inference, the court will indulge such inference in aid of the pleading. p. 481.

4. MECHANICS' LIENS.— *Foreclosure.— Complaint.— Sufficiency.*—A complaint for the foreclosure of a mechanic's lien for labor and material furnished "in the repair and construction of certain electrical work and electric wiring in and upon" a certain building, is not open to the objection that it fails to show affirmatively that such labor and material were furnished for the "erection, alteration, repair, or removal", of the building. p. 481.

5. MECHANICS' LIENS.—*Foreclosure.—Ownership of Property.*—In an action to foreclose a mechanic's lien, defendants' ownership of property against which the lien is asserted must be established. p. 483.

6. TRIAL.—*Issues.—Findings.*—To sustain a decision for plaintiff, the special findings must cover all the facts essential to recovery under the issues tendered by his complaint, and the failure to find any such fact is the equivalent of a finding against him. p. 483.

7. APPEAL.—*Review.—Findings.—Inferences.*—Where the primary facts found lead to but one conclusion, or where the facts found are of such a character that they necessitate the inference of an ultimate fact, such ultimate fact will be inferred and treated as found. p. 484.

8. APPEAL.—*Review.—Findings.—Construction.*—Intendments and presumptions are in favor of a finding rather than against it, and if, when read as a whole, such finding can be said to sustain the conclusions of law stated thereon, no error can be successfully predicated on the exceptions to such conclusions. p. 484.

9. MECHANICS' LIENS.— *Foreclosure. — Findings. — Ownership of Property.*—In an action to foreclose a mechanic's lien, where the only inference that could be drawn from the finding of facts as a whole, was that defendants, as trustees and devisees, became the owners of the real estate and continued as such and rented such real estate and contracted with plaintiff for the improvements thereon, received and accepted such improvement as such owners, and offered and tendered payment of the amount they claimed to be due thereon, and litigated the difference between the amount of the tender and the amount sought to be recovered by plaintiff, the judgment for plaintiff will not be reversed because the court did not in express words find the ultimate fact of present ownership of the real estate in question. p. 484.

10. MECHANICS' LIENS.— *Foreclosure.— Findings.—Sufficiency.*—In

an action for the foreclosure of a mechanic's lien, a special finding that pursuant to contract the plaintiff furnished the labor and material, "that defendants accepted said repairs", etc., and that a certain sum "remains due and unpaid at the time of the commencement of this action from the defendants herein to the plaintiff on account of the sale, furnishing and installation of the aforesaid wiring and electrical mateial in said building", is not objectionable on the ground that it fails to state that any work or material was furnished for any building or that any building was repaired. p. 485.

11. APPEAL.—Review.—Findings.—Sufficiency.—Where the findings in an action to foreclose a mechanic's lien state that the work was completed on July 2, and that plaintiff's notice was filed on September 14, "and within the sixty days from the date on which plaintiff completed the installation and wiring of said electrical apparatus in the said building", it will be presumed, in the absence of the evidence from the record, and in view of the fact that the exhibit filed with the complaint shows items of labor and material furnished up to and including July 22, that the finding that the work was completed July 2 is an error in date, and the finding that the work was completed within the sixty days will control. p. 486.

12. MECHANICS' LIENS.—Extent of Lien.—Separate Buildings.—Special Findings.—Under Acts 1909 p. 295, §§1, 2, providing that a lien shall extend to the interest of the owner of the lot or parcel of land on which the structure stands or with which it is connected, and that the entire land upon which any such building, etc., is situated, including that portion not covered therewith, shall be subject to lien, a declaration of a lien on the entire parcel of real estate was authorized on a special finding of facts showing the existence of three separate buildings on a designated lot and that the labor and material were furnished directly to defendants and all put into a building or buildings standing on such lot, and in the absence of any issues and supporting evidence that would require a restriction of the lien to a certain subdivision of the lot. (Hill v. Ryan [1876], 54 Ind. 118; Hill v. Braden [1876], 54 Ind. 72; Wilkerson v. Rush [1877], 57 Ind. 172; and McGrew v. McCarty [1881], 78 Ind. 496, distinguished.) p. 486.

From Superior Court of Marion County (80,404); Charles J. Orbison, Judge.

Action by the F. H. Cheyne Electric Company against John M. Judah and others. From a judgment for plaintiff, the defendants appeal. Affirmed.

*Henry J. Brandon* and *Charles W. Appleman,* for appellants.

*Gideon W. Blaine* and *Henry Warrum,* for appellee.

HOTTEL, P. J.—This was an action brought by appellee against appellants and the "unknown heirs, executors, administrators, personal representatives, legatees and devisees of Harriet Judah, deceased," and other unknown heirs and persons whose names are unknown, to foreclose a mechanic's lien. The complaint is in one paragraph, a demurrer to which was overruled. This ruling is the first error assigned. It is urged against the complaint that it fails to charge that the labor and materials sued for were "specially furnished" for the particular building against which the lien is asserted. The language of the act here involved, and the authorities construing it, and similar statutes, leave no doubt as to the correctness of appellant's contention that in actions of this character the plaintiff must show by the averments of his complaint and by his proof that the materials and labor for which he seeks a recovery were *furnished for* the particular building against which the lien is asserted. It is not enough to show merely that they were *used* in such building. Acts 1909 p. 295, §§1 and 2; *City of Crawfordsville* v. *Brundage* (1877), 57 Ind. 262, 265; *City of Crawfordsville* v. *Lee* (1877), 58 Ind. 597; *City of Crawfordsville* v. *Straight* (1877), 58 Ind. 599; *Hill* v. *Sloan* (1877), 59 Ind. 181, 187; *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 519, 86 N. E. 837, 131 Am. St. 267. The lien in such cases is acquired by compliance with the statute, and is predicated on the assumption that credit is given on account of the building rather than to its owner. This assumption necessarily presupposes that the person who sells or furnishes the labor or material knows, when he furnishes it, that it is going into the particular building on which he is extending the credit and on which he expects to assert a lien. It follows that it is not enough to aver and prove merely that a contractor *purchased* such

material or labor for such building and used it therein. Such averment indicates no *knowledge on the part of the person furnishing* such labor or material *of the purpose, or the building, for which such material or labor was to be used* and hence no intent to sell on the credit of such building.

2. The complaint here involved alleges that "on the 15th day of June, 1909, and more than a year prior thereto, said defendants were the owners of the following described real estate to wit  *  *  * ; that said defendants are indebted to this plaintiff in the sum of three hundred ninety-one and 89-100 ($391.89) dollars for work and labor done and materials furnished, said work, labor and materials being done and furnished by said plaintiff to said defendants, at the special instance and request of the defendants, in the repair and construction of certain electrical work and electric wiring in and upon the brick building situated on the above described real estate, on the said 15th day of June and thereafter." These averments are easily distinguishable from those held insufficient in the cases relied on by appellant. They show that the material and labor for which the recovery is here asked was *furnished* at the instance and request of the owners themselves and not to a contractor or subcontractor as was done in some of the cases relied on by appellant and in this complaint it is averred that such labor and materials were *"furnished* by said plaintiff to said *defendants  *  *  * in the repair and construction* of certain electric wiring *in and upon* the brick buildings situated on the above described real estate," not that they were *purchased* for such buildings as was the case in some of the decisions relied on by appellant. The averment that appellee *"furnished"* such work and labor in the repair of the wiring in and upon the brick building, etc., necessitates the inference that such labor and material was not only used in and upon such building but that it was *furnished* for such building and in our judgment completely meets the requirements of §§1, 2, Acts 1909 p. 295, *supra,* and the de-

cisions before cited.   It has been held many times by
3.   the Supreme Court and this court that where the
facts averred in a pleading admit of but one infer-
ence, that the court will indulge such inference in aid of the
pleading, and under some of the more recent authorities, a
more liberal rule with reference to the indulging of infer-
ences in favor of a pleading has been announced.   *Cleve-
land, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307, 313, 86
N. E. 405, and authorities cited; *Holliday & Wyon Co.* v.
*O'Donnell* (1909), 44 Ind. App. 647, 654, 90 N. E. 24; *An-
tioch Coal Co.* v. *Rockey* (1907), 169 Ind. 247, 254, 255, 82
N. E. 76; *Town of Newcastle* v. *Grubbs* (1908), 171 Ind.
482, 86 N. E. 757; *Agar* v. *State* (1911), 176 Ind. 234, 94
N. E. 819; *Domestic Block Coal Co.* v. *DeArmey* (1913),
179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Holliday & Wyon
Co.* v. *O'Donnell* (1913), .. Ind. App. ..., 101 N. E. 642,
644, and authorities cited.   The complaint in this case is
sufficient under either rule and under all of the authorities
cited.

It is also urged against the complaint that it fails to show
affirmatively that the labor and materials were furnished
for the *erection, alteration, repair* or *removal* of the
4.   building; that the averment that such labor and ma-
terial were used in the repair and construction of
certain electrical work and electric wiring, should have been
supplemented by an averment that the "electrical work and
electrical" wiring were a part of such building.   This ob-
jection is without merit.   The equivalent of the averment
contended for, is found in the averment that such wiring
was "in and upon the brick building," etc.

At the request of the several defendants the trial court
made a special finding of facts and stated its conclusion of
law thereon.   The correctness of such conclusions is pre-
sented by the errors assigned and relied on for reversal. The
court by its first finding found that appellee is a corporation

engaged in the business of electrical contracting and engineering and selling electrical supplies. Findings two, three and four are in substance as follows: (2) On May 23, 1884, Harriet Judah was the owner of lot number 7, in square 64, in the city of Indianapolis, except 60 feet off the north end of said lot, and on said date died, leaving a will by which said real estate was left to John M. Judah, Samuel B. Judah and Noble B. Judah, as trustees, with power to rent, lease, manage and sell in fee simple, the same, until partition. Subject to said trust, said real estate was devised in equal parts to said John M. Judah, Samuel B. Judah, Noble B. Judah, Alice Clarke, and one share to the children of testator's late daughter Katherine Noble, provided, if either of said sons, John M. Judah, Samuel B. Judah, Noble B. Judah or Alice Clarke should have died without living issue before testator's death, then the share which would otherwise have gone to such decedent or issue, should be equally divided among the survivors; and provided, also, that if either of such devisees should have died leaving issue surviving, at the time of testator's death, then said issue should take by way of representation.

(3) The real estate hereinabove described, is of irregular shape, roughly triangular, the point of apex being to the south. It is occupied by three separate and distinct buildings built at different times. None of the work, labor or materials mentioned in plaintiff's complaint was done or were furnished in that one of said three different buildings, situated on the most northerly part of said real estate. The other two of said buildings situated on said real estate, were at all times in said complaint and in these findings mentioned, occupied in different parts, by the firm of George Hitz and Co., George H. Mueller and Co. and The Indianapolis Brewing Co., respectively.

(4) About June 14, 1909, the defendants herein, John M. Judah, acting for and on behalf of the owners of said real estate, and the plaintiff entered into a verbal contract,

by the terms whereof the plaintiff agreed to sell, furnish and install in the said building located on the said real estate, certain electrical wiring and other electrical apparatus, and the said defendant agreed to pay the plaintiff the reasonable value of the materials furnished and labor rendered. Plaintiff, pursuant to such contract thereafter, sold and furnished to defendants certain electrical wiring and electrical apparatus and rendered labor in the installation thereof in said building all of the reasonable value of $455.32. The other facts found are hereinafter set out in so far as they are deemed necessary to an understanding of the questions discussed.

Appellant contends that the finding is insufficient in that it fails to find that the appellants were the owners of the real estate on which the building in question is located; that the finding that the real estate in question was left by will to appellants in 1884 is not equivalent to a finding of present ownership. The ownership of such real estate was one of the facts necessary to be found under the issues, and appellants are correct in their contention that the special finding must cover all the facts essential to appellee's recovery, under the issues tendered by his complaint. *Krug* v. *Davis* (1885), 101 Ind. 75, 76; *Town of Freedom* v. *Norris* (1891), 128 Ind. 377, 384, 27 N. E. 869; *Cleveland, etc., R. Co.* v. *Moneyhun* (1896), 146 Ind. 147, 152, 44 N. E. 1106, 34 L. R. A. 141; *Sweetser* v. *Snodgrass* (1893), 7 Ind. App. 609, 611, 34 N. E. 842; *Minnich* v. *Darling* (1894), 8 Ind. App. 539, 546, 36 N. E. 173. It is also true that the failure to find any material fact is the equivalent of a finding against the party upon whom rests the burden of proving such fact. *Quill* v. *Gallivan* (1886), 108 Ind. 235, 237, 9 N. E. 99; *Durflinger* v. *Baker* (1898), 149 Ind. 375, 378, 49 N. E. 276; *State Bank* v. *Backus* (1903), 160 Ind. 682, 693, 67 N. E. 512; *Metropolitan Life Ins. Co.* v. *Bowser* (1898), 20 Ind. App. 557, 568, 50 N. E. 86. It must be remembered, however, in this connection,

that where the primary facts found lead to but one 7. conclusion, or where the facts found are of such a character that they necessitate the inference of an ultimate fact, such ultimate fact will be inferred and treated as found. *Mayer* v. *C. P. Lesh Paper Co.* (1910), 45 Ind. App. 250, 254, 89 N. E. 894, 90 N. E. 651; *Indiana Trust Co.* v. *Byram* (1905), 36 Ind. App. 6, 10, 72 N. E. 670, 73 N. E. 1094; *De Pauw Plate Glass Co.* v. *City of Alexandria* (1899), 152 Ind. 443, 452, 52 N. E. 608. The intendments and presumptions are in favor of the finding rather 8. than against it, and in ascertaining its meaning and effect, it must be read as a whole and if, when so read, it can be said to sustain the conclusions of law stated thereon, no error can be successfully predicated on the exceptions to such conclusions. *Mount* v. *Board, etc.* (1907), 168 Ind. 661, 666, 80 N. E. 629, 14 L. R. A. (N. S.) 483; *Cleveland, etc., R. Co.* v. *Closser* (1890), 126 Ind. 348, 367, 26 N. E. 159, 9 L. R. A. 754, 22 Am. St. 593; *Kedey* v. *Petty* (1899), 153 Ind. 179, 185, 54 N. E. 798.

When the finding in this case is read in its entirety, it is disclosed that the court in addition to finding that Harriet Judah was the owner of the real estate on May 23, 9. 1884, when she died leaving a will by the terms of which she left such real estate to appellants as trustees and devisees, further finds that John M. Judah acting for and on behalf of the *owners* of said real estate entered into a contract for the material and labor herein involved; that pursuant to such contract the *plaintiff* furnished the *defendants* with such labor and material; that the "*defendants* accepted said repairs, and the sum of $63.43 was paid on the account by the *tenants* of said *defendants* * * *; that said *defendants* tendered to plaintiff * * * $218 in full payment of plaintiff's said claim against *defendants* * * *; that *defendants* offered to pay to plaintiff said sum of $218 in full payment of plaintiff's claim; that *defendants* have paid into court for the use of the plaintiff said sum of

\* \* \* $218 \* \* \* ; that there remains due and unpaid at the time of the commencement of this action *from the defendants* herein to the plaintiff *on account of the sale, furnishing and installation of the aforesaid wiring and electrical material in said building* the sum of $391.89." (Our italics.) One inference alone can be drawn from this combination of facts, viz., that appellants as the trustees and devisees of Harriet Judah became the owners and managers of said real estate and continued as such and rented it and contracted for these improvements thereon, received and accepted such improvements as such owners, and offered and tendered payment of the amount which they claimed to be due thereon; but a dispute arising over the amount due this suit followed; that appellants still recognizing their liability as owners of such real estate, brought their tender into court, and litigated the difference between the tender made and the amount sought to be recovered by appellee. Under such a finding of facts it would be a legal absurdity to hold that the judgment of the trial court should be reversed because such court did not in express words find the ultimate fact of present ownership of the real estate in question.

It is further urged against the special finding that it fails to state or find that any work or material was furnished for any *building* or that any *building* was repaired. This objection is met by the language of the finding above set out, and by the decisions herein cited which authorize such inferences as the facts found make necessary.

It is insisted that the finding states that the work herein sued for was completed and the electrical apparatus installed on July 2, 1909, and that appellee's notice of his intention to hold a lien was not given until September 14, 1909, and hence was not within the 60 days provided by the statute. The answer to this contention is that the finding on which appellants rely as fixing the date of the filing of such notice finds that it was filed "on the fourteenth day of September,

1909, and *within the sixty days from the date on which plaintiff completed the installation and wiring of said electrical apparatus in the said buildings.*'' (Our italics.)

11.    The exhibit filed with the complaint shows a number of items of materials and labor furnished during the month of July and after the second day thereof, among which are several items of labor on the 22nd day of said month. This clearly indicates that the finding that the work was completed and electrical apparatus installed on July 2, 1909, was an error in date. The evidence in the case is not before us, and, in view of its absence, and the dates shown by the exhibit filed with the complaint, we think the presumption which this court indulges in favor of the correctness of the proceedings below, authorizes us to treat the finding that the work was completed on July 2, simply as an error in date, and regard the ultimate fact found by the court, that such work ''was completed within the sixty days'' as controlling. This conclusion is supported by authority. *Clark* v. *State, ex rel.* (1890), 125 Ind. 1, 24 N. E. 744; *Smith* v. *Blair* (1893), 133 Ind. 370, 32 N. E. 1123; *Crawford* v. *Anderson* (1891), 129 Ind. 117, 119, 28 N. E. 314; *Smith* v. *James* (1892), 131 Ind. 131, 133, 30 N. E. 902; *Behler* v. *Ackley* (1909), 173 Ind. 173, 178, 180, 89 N. E. 877. None of the appellants' contentions thus far discussed, go to the merits of this controversy but are all, we think, of that technical character which fall within both the letter and spirit of §§407, 700 Burns 1908, §398, 658 R. S. 1881, which were intended to and by their language do inhibit a reversal on such grounds.

Finally it is very earnestly contended by appellants that, inasmuch as the third finding, before indicated herein expressly finds that the real estate in question is occu-

12.    pied by three separate and distinct buildings built at different times, and that none of the work, labor or materials mentioned in the complaint was done or were furnished on one of said three buildings, that the findings do

not support the conclusion of law that the appellee "has a valid lien on the said real estate." In support of this contention appellants rely on and quote from the cases of *Hill* v. *Ryan* (1876), 54 Ind. 118; *Hill* v. *Braden* (1876), 54 Ind. 72; *Wilkerson* v. *Rust* (1877), 57 Ind. 172, and *McGrew* v. *McCarty* (1881), 78 Ind. 496. The facts in each of those cases and the statute upon which the several liens asserted were based, are so different that they can have little or no controlling influence on the question here presented. The facts here found show that the labor and material for which a recovery is asked, were furnished directly to appellant and all put into a building or buildings standing on one and the same undivided parcel or tract of real estate, to wit: Lot number 7 in square 64 of the city of Indianapolis except, etc. Section 1 of the act under which the lien in suit is created provides that such lien shall extend to "the interest of the owner of the lot or parcel of land on which it [the structure] stands or *with which it is connected.*" (Our italics.) Acts 1909 p. 295. The act, on which the cases relied on by appellants were predicated, omitted the italicized words just quoted. Section 2 of the act of 1909 (Acts 1909 p. 295), further provides that "The entire land upon which any such building, erection or other improvement is situated *including that portion not covered therewith shall be subject to lien.*" (Our italics.) We think it clear that, under the provisions of the act here involved, the court was authorized in declaring the lien on the entire parcel of real estate on which the building or buildings, upon which the repairs were made, were located. We do not mean to hold that an issue might not be tendered by the pleadings under which proof would be authorized justifying the court in restricting such lien to a subdivision of a lot or parcel of land made by the owner before the erection of his buildings thereon, but under the issues here tendered, and the facts found thereunder, we think the act in question justified the trial court in declaring the lien on the indivisible lot or portion

of land on which the buildings in question were located. *Premier Steel Co.* v. *McElwaine-Richards Co.* (1896), 144 Ind. 614, 619, 43 N. E. 876, and quotations from "Jones on Liens" there approved; *City of Crawfordsville* v. *Barr* (1879), 65 Ind. 367, 371; *Stephens* v. *Duffy* (1908), 41 Ind. App. 385, 386, 81 N. E. 1154, 83 N. E. 268; *Miller* v. *Schmidt* (1901), 67 N. Y. Supp. 1077; *Salt Lake, etc., Co.* v. *Ibex, etc., Co.* (1897), 15 Utah 440, 49 Pac. 768, 62 Am. St. 944 and authorities there cited; *Bergsma* v. *Dewey* (1891), 46 Minn. 357, 49 N. W. 57, 58; 27 Cyc. 224-226 and authorities there cited.

Other alleged errors of a technical character are presented by appellants which are controlled by the principles and decisions herein referred to in our discussion of similar questions. We find no reversible error in the record.

Judgment affirmed.

Note.—Reported in 101 N. E. 1039. See, also, under (1, 2) 27 Cyc. 376; (3) 31 Cyc. 48, 79; (4) 27 Cyc. 375; (5) 27 Cyc. 415; (6) 38 Cyc. 1968, 1985; (7) 38 Cyc. 1980; (8, 11) 3 Cyc. 310; (9, 10) 27 Cyc. 425-428. As to lien for material furnished "to be used in", etc., but not, in fact, used, see 64 Am. Dec. 678.