GENERAL MOTORS TRUCK COMPANY *v.* PERRY.

[No. 14,727.   Filed November 16, 1934.]

*Miller & Miller, Samuel D. Miller,* and *Sidney S. Miller,* for appellant.

*J. H. Hartman, L. F. Pomush,* and *Seth S. Ward,* for appellee.

SMITH, P. J.—Appellee brought this action in replevin to recover possession of a certain motor truck, and for damages for its unlawful detention.

The complaint is in one paragraph, and alleges that the appellant wrongfully and unlawfully obtained possession of the truck. Appellant answered in two paragraphs: First, a general denial; and, second, an affirmative answer setting up that the truck in question was sold upon a conditional sales contract to appellee, and that the contract was later assigned to Yellow Manufacturing Acceptance Corporation; that the appellee defaulted in the payments upon his contract, and that the truck was repossessed, and later a new contract made providing for payments of a larger sum and at different times; that appellee failed to make the payments in accordance with the subsequent agreement; that appellant took possession of the truck under the terms of the contract because of appellee's forfeiture thereunder.

The cause was submitted to the court and jury for

trial, and verdict rendered for appellee for the return of the property, and fixing its value at $700 and damages in favor of appellee in the sum of $500. A motion for new trial was filed and, pending the ruling thereon, appellee filed a remittitur of the verdict as to the value of the truck in the sum of $200, thus reducing the verdict for the value thereof to $500. The motion for new trial was overruled and exception reserved, and judgment rendered against appellant in accordance with the verdict.

At the close of all the evidence, appellant filed a motion for a directed verdict, which was overruled. Appellant assigns as error in this court the overruling of this motion for a directed verdict, and also the overruling of its motion for new trial.

The first assignment is not a proper assignment of error, and will not be considered as such. The only error properly assigned which can be considered is the overruling of the motion for a new trial.

Appellant in its brief has treated the causes in the motion for new trial as separate errors, and has not treated them in the motion for new trial as grounds therefor. However, we think there has been a good-faith effort on the part of the appellant to present the questions, and shall consider them as properly presented under the assignment of error in overruling the motion for new trial.

There was no error in the court's refusing the instruction for a directed verdict at the close of all the evidence, for there is sufficient evidence to warrant the verdict for appellee.

The only questions that are properly presented under the motion for new trial, and urged by appellant, are: (1) The verdict of the jury is not sustained by sufficient evidence, and is contrary to law; (2) the amount of recovery for damages for the detention of the motor

truck is too large; (3) the amount of recovery for the value of the truck is too large; (4) error of the trial court in the giving of instruction No. 13 upon its own motion.

We shall consider these questions in the order stated. In considering the question whether the verdict of the jury is not sustained by sufficient evidence and is contrary to law, we, of course, consider the evidence most favorable to appellee.

The evidence shows that appellee purchased the truck from appellant upon a conditional sales contract, which was later assigned to the finance company heretofore named, and that he made default in the payment thereof, and, upon request, turned back the truck to the appellant; that thereafter a new conditional sales contract was made with the appellant and with the consent of the finance company; and that thereafter appellee again made default and the truck was placed in the possession of appellant for the finance company.

The evidence shows that throughout these transactions the appellant, through its agents and servants, acted for and on behalf of the finance company; that, while the truck was in the possession of the appellant, an oral agreement was made between appellee and the appellant, which was acting for and on behalf of the finance company, whereby appellee was given possession of the truck with the understanding that he had work therefor, and was to use the same, and turn over to appellant all the moneys earned by said truck less the cost of operation, which included a driver therefor, and gas and oil and repairs. This arrangement was made with one Fowls, an employee of the appellant, under the authority and direction of the finance company. The testimony of a Mr. Jeffries, who was the agent of the finance company, is to the effect that he

told Mr. Fowls "to keep the truck in the branch [place of business of appellant] until he [appellee] came in and convinced him beyond any question of a doubt that he could pay for the truck." This same Mr. Jeffries testified that in conversation between himself and Mr. Fowls, "He [appellee] told us at that time that he expected to get work in some few days, so we told him that, inasmuch as he couldn't make any payment, I would rather see the truck come into the General Motors and then if he got this contract we would permit him to take the truck and put it back to work."

The evidence further showed that appellee took the truck under this arrangement, on or about April 15, 1931, and that on or about April 28, 1931, the appellant came to the home of appellee and took the truck without the consent or permission of appellee, and without his knowledge, and that appellant has ever since, up to the trial of the cause, kept the possession thereof and deprived appellee therefrom; that appellee made a demand the next day after appellant took the truck from him, and made several demands thereafter up until the time of the filing of this case.

There was evidence to show that, at the time the truck was taken from appellee, it was of the value of the sum of $700; that appellee owed at that time $581.10 to the finance company for the balance of the purchase price of the truck. There was evidence to show that the value of the use of the truck at the time of the taking possession thereof by appellant was the sum of ninety cents per hour; that appellee was using the truck and was working twelve hours per day upon a contract he had with the city of Indianapolis, and that he was paying twenty-five cents per hour for a driver therefor, and that the truck used approximately five gallons of gasoline per day and practically no oil. We think the

evidence in this case is sufficient to sustain the verdict of the jury and that it is not contrary to law.

There was evidence to sustain the amount of the damages in the sum of $500 for the detention of the truck, and said amount is not too large.

The next question presented relates to the fixing of the value of the truck, and is involved with the giving of instruction No. 13.

In instruction No. 13, upon the subject of the value of the property and the amount of damages, the court told the jury that:

"The value of said property would be determined by deducting from its market value as shown by the evidence the sum of $581.10, the amount due thereon, as shown by the evidence. The damages sustained by the plaintiff in such case would be measured by the value of the use of said truck as shown by the evidence from the time it was taken possession of by the defendant until the present time, the date of the trial of this cause."

We think that this instruction No. 13 is not erroneous, and correctly states the law. The statute (§624, Burns Ann. St. 1926, §2-2510, Burns 1933, §382, Baldwin's Ind. St. 1934) provides that the jury or court trying the case find among other things the value of the property. The necessity for this could only be in case of a failure or inability to return the property to the prevailing party, and can only mean the value as to such party to whom return is directed. This value is as stated in the instruction above, the market value thereof less the amount of any prior liens thereon. *Geisendorff et ux.* v. *Eagles et al.* (1880), 70 Ind. 418.

The evidence most favorable to appellee shows that the market value of the truck at the time of taking possession thereof by appellant was $700. The court told the jury that the value should be determined by deducting from the market value of the truck the amount of

$581.10, the amount due thereon as shown by the evidence. It is apparent that the jury disregarded this instruction, and that the verdict as to the value of the property is too large and is contrary to law. The jury fixed the market value of the truck at $700, and appellee filed a remittitur of $200. Under the evidence and this instruction, the most the jury could have found as the value of the truck was $118.90.

Appellant complains and says that the court erred in the giving of this instruction as to the amount of damages for the detention of the truck, and that it should have been confined to the value of the use thereof from its unlawful taking, or at the time of demand, until the filing of the suit.

It is true that in tort actions, as stated in the case of *Niagara Oil Co.* v. *Jackson et al.* (1911), 48 Ind. App. 238, 91 N. E. 825, the appellee could only recover such damages as had accrued at the commencement of the action. But, as further stated in that case, where the tort is a continuous one, a supplemental complaint could be filed showing the continuation of the wrong up to the time of the filing thereof. Supplemental pleadings are specifically authorized by our statutes.

So, in this case a supplemental or amended complaint could have been filed at the beginning of the trial bringing the question of the amount of damages for the use of the truck up to the time of the trial.

A supplemental or amended complaint being proper, and the fact that it could have been filed in the court below under our statute, §725, Burns 1926, §2-3231, Burns 1933, §505, Baldwin's 1934, and under the authorities in this state, same will be deemed by this court to have been made. *Crawfordsville Trust Company, Executor* v. *Ramsey et al.* (1912), 178 Ind. 258, 273, 98 N. E. 177.

So, whether appellee was entitled to recover damages up to the time of the trial or not under the issues as formed, we will deem the complaint to have been amended, or a supplemental complaint to have been filed thereto, in order to permit the recovery of damages up to the time of the trial.

Appellee cites the case of *Farrar* v. *Eash* (1892), 5 Ind. App. 238, 31 N. E. 1125, which was a replevin suit for a horse, and the court said:

> "Over the appellant's objections and exceptions evidence was admitted, and the jury were instructed to the effect that the measure of damages was the value of the use of the animal from the date of demand *to the time* of trial." (Our italics.)

The court in commenting upon that instruction said, p. 242, "the rule is the value of the use of the property during the entire period of detention."

The decision in the Farrar case, *supra,* does not disclose whether an amendment of the complaint was made or a supplemental complaint filed, but simply announces the rule as stated. We will not attempt to distinguish this case from the instant case, nor do we deem it necessary, for they are in harmony; besides, what we have said with reference to this question we think sufficiently disposes of it.

Appellant also complains of this instruction No. 13, and says that there was no evidence to sustain the verdict of the jury for $500 for damages for the detention of the truck.

We have examined the evidence, and we think there is sufficient evidence to sustain this portion of the verdict. It was error for the lower court to render judgment for the value of the truck in the sum of $500. If the appellee is so disposed, this error can be cured by the filing of a further remittitur in the sum of $381.10, as to the value of the truck.

It is therefore ordered that this **judgment** be and the same is hereby affirmed on **condition that** the appellee file a further remittitur with the **clerk** of this court in the sum of $381.10 as to the value of the truck within sixty days from the date of the rendition of this opinion; and, if not so filed, this cause shall be remanded to the trial court with instructions to modify the amount of its judgment as to the value of the truck and enter judgment for the value thereof in the sum of $118.90.

Said judgment in all other respects is affirmed.